UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ULYSSES MARSHALL,**

    **Plaintiff,**

v.                                                                Case No.  8:11-cv-278-T-27TBM

**NORTH FLORIDA LUBES, INC.,**
**d/b/a TEXACO XPRESS LUBE, et al.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Amended Motion to Compel** (Doc. 21) and Defendant, North Florida Lubes, Inc.'s response in opposition (Doc. 23).  By his motion, Plaintiff, Ulysses Marshall, seeks an order compelling Defendant, North Florida Lubes, Inc., to respond completely to discovery requests directed to it.[1]  According to the parties, the discovery still at issue pertains to Plaintiff's requests for financial worth information that Plaintiff urges he is entitled to on the basis of a properly pled claim for punitive damages.[2]  Defendant responds that Plaintiff's requests for financial worth discovery

---

[1] The amended motion makes reference to other discovery disputes which have apparently been resolved by the parties, to include an agreement by Defendant to organize and label the documents which have previously been produced and an agreement to produce portions of the personnel files of Ray Prior and Greg Ingram related to hiring, performance, and separation.

[2] The Eleventh Circuit has established that the pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement under Florida law that a plaintiff obtain leave of court before including a prayer for punitive damages.  *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001) (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th

are, at best, premature and that such is not appropriate for discovery at this stage of the litigation prior to a judicial determination that a reasonable evidentiary basis exists for the claim of punitive damages. Thus, as to itself, North Florida Lubes, Inc., submits that only limited financial discovery should be permitted, and further that its responses should not be required until the time of the pre-trial conference or later when it becomes apparent to the court that punitive damages can be awarded. As to the individual Defendants, Brian Fowler and Arnold Frankie, the Defendant urges the motion to compel be denied as there is no punitive damage claim pending against the individual Defendants and Plaintiff offers no explanation as to how payments made to the individuals by North Florida Lubes, Inc., is relevant to any of the issues in this case.

The requests for production that appear directed to discovering Defendants' financial worth information are requests numbered 1, 2, 3, 4, 5, 6, 7, and 8. In sum, these requests seek internal and external financial statements, including balance sheets, or other documents describing assets, liabilities, and cash flow; audited financial statements; per share value and the identity of shareholders; bank statements; documents reflecting income, expenses, and cash on hand; and documents discussing payments, including salary, wages, and dividends made to the individual Defendants, Brian Fowler and Arnold Frankie. *See* (Doc. 21-3). For the most part, the requests are limited to information from 2009 to the present.

---

Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000)). However, the Eleventh Circuit has not yet decided whether the discovery component of § 768.72 is preempted by federal discovery rules. *See Porter*, 241 F.3d at 1340.

By my consideration, the requests for financial information related to the individuals are not relevant or likely to lead to the discovery of admissible evidence where no claim for punitive damages is being made against these individuals.  Thus, as to any financial worth information sought from North Florida Lubes, Inc., related to Fowler and Frankie's finances (request no. 8), the amended motion to compel (Doc. 21) is **denied**.  *See Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669 (S.D. Fla. 2005) (finding individual defendants' financial records not relevant where plaintiffs had not sought punitive damage claim against individuals).

As for the remaining requests directed to discovering the financial worth of Defendant, North Florida Lubes, Inc., I conclude that while the scope of the requests may be overly broad to the extent that several of the categories of requested records appear duplicative, some limited discovery regarding the corporate Defendant's financial worth is both relevant and appropriate at this juncture of the proceedings, particularly given the impending discovery deadline of February 2, 2012.  Current financial data is relevant to the issue of punitive damages.  *See id.* at 669-70 (collecting cases).  Further, by my review of the Verified Complaint, the pleadings reflect an arguable basis to establish Plaintiff's claim for punitive damages against Defendant, North Florida Lubes, Inc., and the Plaintiff's claim for punitive damages against the corporate Defendant has not been otherwise stricken.

Thus, upon consideration, Plaintiff's Amended Motion to Compel (Doc. 21) is **granted in part** to the extent that Defendant, North Florida Lubes, Inc., is directed to provide to the Plaintiff for inspection and copying, within fifteen (15) days from the date of this Order,

profit and loss statements for each of the years 2009, 2010, and 2011, to the extent such documents exist, or otherwise provide documents which set forth the profit and loss of North Florida Lubes, Inc., for each of these three years.  It is **ORDERED** that all such financial data produced to the Plaintiff shall be maintained as confidential by all parties, their agents, and experts, and shall be used only in connection with this litigation.  Failure to comply with this provision of the Order may subject a party or offending person or entity to sanctions.  It is further **ORDERED** that for all documents which Defendant has previously agreed to label, organize, and produce, that such shall be so provided within fifteen (15) days, unless otherwise agreed to by the parties.  In all other respects, Plaintiff's Amended Motion to Compel (Doc. 21) is **denied**.

**Done and Ordered** in Tampa, Florida, this 13th day of December 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record